■ In the Matter of CRYSTAL MARIE. JENNIFER BRADLEY et al., Appellants. [691 NYS2d 911] —In an adoption proceeding pursuant to Domestic Relations Law § 114, the petitioners appeal from an order of the Family Court, Suffolk County (Freundlich, J.), entered October 9, 1998, which, after a hearing, denied the petition for adoption and ordered that the child be removed from the physical custody of the petitioners. The appeal brings up for review so much of an order of the same court, entered October 16, 1998, as denied that branch of the petitioner's motion which was for renewal (*see,* CPLR 5517 [b]).

Ordered that the appeal from the order entered October 9, 1998, is dismissed as academic, without costs or disbursements, in light of our determination of the appeal from the order entered October 16, 1998; and it is further,

Ordered that the order entered October 16, 1998, is reversed insofar as reviewed, on the law and as an exercise of discretion, without costs or disbursements, that branch of the petitioners' motion which was for renewal is granted and upon renewal, the order entered October 9, 1998, is vacated and the matter is remitted to the Family Court, Suffolk County, for a further hearing in accordance herewith.

Here, adoption by the petitioners appears to be in the best interests of the child. However, questions exist as to whether the petitioner husband's alcohol and/or substance abuse is remote in time or a continuing problem. After the initial hearing, the Family Court found that the problem was continuing. Subsequently, the petitioners moved for renewal and submitted evidence which tended to show that the problem was not continuing. The Family Court denied the motion for renewal.

Under the circumstances, the Family Court improvidently exercised its discretion in denying the petitioners' motion for renewal. After consideration of the additional evidence submitted by the petitioners, we find that the determination as to

whether or not the adoption is in the best interests of the child cannot be made without a further fact-finding hearing to determine whether the petitioner husband's alcohol problem is continuing (*see, e.g., Matter of Joseph A.,* 260 AD2d 475). Thompson, J. P., Friedmann, Schmidt and Smith, JJ., concur.